IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v | )  CASE NO. 2:10-cr-114-WHA |
| | ) |
| DAVID LEE MARSHALL | ) |

## ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a detention hearing on July 27, 2010. For the following facts and reasons, the Court concludes that Defendant David Lee Marshall should be detained pending trial.

### I. FINDINGS OF FACT

The Grand Jury returned a four count indictment against Defendant Marshall. From the indictment, the Court discerns there is probable cause to believe that the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. Defendant Marshall has not rebutted the presumption established by this finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

There is a serious risk that the defendant will endanger the safety of another person or the community and that no condition or combination of conditions will reasonably assure his appearance pending final disposition of the proceedings in this case.

## II. WRITTEN STATEMENT OF REASONS FOR DETENTION

The Court finds that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that Defendant Marshall has two previous felony narcotics convictions. If convicted of either Count 1 or Count 2 of the indictment, the District Judge must statutorily impose a life sentence upon Defendant Marshall.

On or about July 22, 2008, the Autauga County Grand Jury returned an indictment against Defendant Marshal. He posted sufficient bond on the narcotics indictment for the Circuit Court to release him. On or about October 14, 2009, Lieutenant David Williams of the Prattville Police Department engaged in a narcotics investigation whose targets included Defendant Marshall and others. Lieutenant Williams saw Defendant Marshall commit a traffic infraction and attempted to pull him over. Defendant Marshall and his passenger fled along the public roadways of Prattville in an unsuccessful attempt to elude Lieutenant Williams and other law enforcement officers. The vehicle chase ended in a foot pursuit which Defendant Marshall lost. When the officers arrested Defendant Marshall, he had a large quantity of narcotics in a plastic bag. Defendant Marshall presented the testimony of several friends and family members who testified in substance that they would assist the Court in supervising him if Defendant Marshall were set free on bond. While the Court credits the testimony of the witnesses, the Court discounts the value of the assistance the family members and friends could provide for three main reasons. First, each of the witnesses has been friends with and/or relatives of Defendant Marshall for a number of years.

Despite their close relationship, no one has been able to deter Defendant Marshall from criminal misconduct in the past and nothing at hand leads the Court to believe their relationship will deter future misconduct.

Next, Defendant Marshall fled from law enforcement while under the supervision of another court. His flight from arrest put law enforcement officers and other innocent motorists and pedestrians in danger and reflects callous disregard for authority and the safety of others.

Finally, even if Defendant Marshall were set free on bond to live with any of his witnesses, his residence would be in close proximity, if not within areas, where law enforcement has evidence that he engaged in narcotics trafficking. Conditions such as home confinement would not effectively deter or prevent Defendant Marshall from continuing to distribute narcotics.

Based upon a careful consideration of all relevant factors to be considered, in accordance with 18 U.S.C.§3142(g), the Court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community; accordingly, the defendant should be detained.

### III.  DIRECTIONS REGARDING DETENTION

Therefore, it is **ORDERED** that the Defendant Marshall is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or

being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

   Done this 29th day of July, 2010.

                              /s/Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES MAGISTRATE JUDGE