IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CR-114-WKW |
| | ) | [WO] |
| DAVID LEE MARSHALL | ) | |

**ORDER GRANTING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(B) AND § 404(b) OF THE FIRST STEP ACT**

Before the court is Defendant David Lee Marshall's motion for a reduced sentence pursuant to § 404 of the First Step Act of 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018). (Doc. # 76.) The Government does not oppose the motion. (Doc. # 81.) Mr. Marshall is eligible for relief under the First Step Act, and a sentence reduction is warranted. Accordingly, Mr. Marshall's sentence will be reduced to time served plus 10 days, and his term of supervised release will be reduced to 8 years.

## I. BACKGROUND

In September 2010, Mr. Marshall pleaded guilty to a felony information charging him with one count of possessing with intent to distribute 50 grams or more of cocaine base, also known as "crack cocaine," in violation of 21 U.S.C. § 841(a)(1). The date of his offense was October 14, 2009. (Doc. # 56 (Felony Information).) At the time of Mr. Marshall's offense, this count carried a statutory sentencing range of 10 years to life, and a supervised release range of 5 years to life.

*See* 21 U.S.C. § 841(b)(1)(A)(iii) (effective Apr. 15, 2009, to Aug. 2, 2010). However, the Government relied on one of Mr. Marshall's prior felony drug convictions to enhance his statutory sentencing range to 20 years to life pursuant to 21 U.S.C. § 851(a). *See id.*; (Doc. # 60.) The supervised release range also increased to 10 years to life. *See* § 841(b)(1)(A)(iii) (effective Apr. 15, 2009, to Aug. 2, 2010). Pursuant to the plea agreement, the parties agreed to a sentence of not more than 180 months. Based on a total offense level of 29 and a criminal history category of II, Mr. Marshall's guideline range of imprisonment would have been 97 to121 months; however, because his enhanced statutory minimum sentence of 240 months exceeded the guideline range, the guideline range became 240 months. *See* U.S.S.G. § 5G1.1(b).

At the sentencing hearing held on January 5, 2011, the sentencing court accepted the plea agreement, adopted the findings in the PSR, and imposed a sentence of 180 months. Mr. Marshall also was sentenced to a 10-year term of supervised release. (Doc. # 69 (Criminal J.).) The judgment was imposed the same date.

Mr. Marshall presently is incarcerated at a low security federal correctional institution. His projected release date is August 25, 2023. *See* https://www.bop.gov/inmateloc/ (last visited Dec. 8, 2020).

## II. DISCUSSION

When the Fair Sentencing Act took effect on August 3, 2010, it did not apply retroactively. Hence, defendants who were sentenced prior to August 3, 2010, could find no relief under the new statute. Mr. Marshall was sentenced after August 3, 2010, but his case was complicated by the fact that he committed the offense prior to the Fair Sentencing Act's effective date. At the time of Mr. Marshall's sentencing in 2011, the law of this circuit was unsettled as to whether the Fair Sentencing Act's reduced statutory penalties applied to defendants whose crimes occurred prior to August 3, 2010, but who were sentenced after the Act's effective date. Subsequently, in 2012, the Supreme Court of the United States held that the Fair Sentencing Act applies to pre-Act offenders, like Mr. Marshall, who were sentenced after the Fair Sentencing Act's effective date. *See Dorsey v. United States*, 567 U.S. 260, 273 (2012); *see also United States v. Hudson*, 685 F.3d 1260 (11th Cir. 2012) (en banc) (noting that the Supreme Court in *Dorsey* resolved in this circuit whether the Fair Sentencing Act "applies to defendants sentenced after the Act's effective date of August 3, 2010, but whose conduct occurred before that date"). All of this is to say that the Fair Sentencing Act's reduced statutory penalties were not applied at Mr. Marshall's sentencing.

The discussion of Mr. Marshall's motion is divided into three parts. The first part addresses the requirements for relief under the First Step Act, which

encompasses discussion of the interplay between that Act and the Fair Sentencing Act. The second part establishes Mr. Marshall's eligibility for a sentence reduction, and the court's authority to reduce Mr. Marshall's sentence. The third part assesses the 18 U.S.C. § 3553(a) factors on the issue of whether a reduction is warranted.

## A. General Statutory Principles

"A district court lacks the inherent authority to modify a term of imprisonment." *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020) (citation omitted). However, under 18 U.S.C. § 3582(c)(1)(B), a district court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." § 3582(c)(1)(B). Here, the First Step Act expressly permits district courts "to reduce the sentences of crack-cocaine offenders in accordance with the amended penalties in the Fair Sentencing Act" of 2010.[1] *Jones*, 962 F.3d at 1297.

Whether the Fair Sentencing Act applies retroactively through the First Step Act requires an initial assessment of whether a defendant was convicted of a "covered offense." Section 404(a) of the First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were

---

[1] The Fair Sentencing Act amended the statutory penalties in 21 U.S.C. § 841(b)(1) in order to reduce the sentencing disparity between crack and powder cocaine. *See Dorsey*, 567 U.S. at 268–69 (detailing the history that led to enactment of the Fair Sentencing Act); *Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013) (acknowledging the crack versus powder sentencing disparity).

modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act § 404(a). In *Jones*, the Eleventh Circuit explained what it takes to be eligible for a sentence reduction under § 404: "To be eligible for a reduction, the district court must have 'imposed a sentence' on the movant for a 'covered offense.'" 962 F.3d at 1298 (citing First Step Act § 404(a)–(b)). "A movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." *Id.* The Eleventh Circuit continued:

> To determine the offense for which the district court imposed a sentence, district courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment. From these sources, the district court must determine whether the movant's offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii). If so, the movant committed a covered offense.

*Id.* at 1300–01.

Relevant here, § 2 of the Fair Sentencing Act lowered the statutory penalties for certain crack-cocaine offenses by increasing the threshold drug amounts.[2] Specifically, § 2(a) of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28

---

[2] Section 3 of the Fair Sentencing Act, which is not relevant here, modified the penalties for simple possession of crack cocaine under 21 U.S.C. § 844(a).

grams in respect to the 5–year minimum and from 50 grams to 280 grams in respect to the 10–year minimum . . . ." *Dorsey*, 567 U.S. at 269.

A defendant who satisfies the "covered offense" requirement, however, is not automatically entitled to a reduction of his sentence. *Jones*, 962 F.3d at 1303. He also must meet § 404(b)'s "as if" qualifier: "Any reduction must be "'*as if* sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.'" *Id.* (quoting First Step Act § 404(b)) (emphasis added); *see also United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020) (The district court "is permitted to reduce a defendant's sentence only on a 'covered offense' and only 'as if' sections 2 and 3 of the Fair Sentencing Act were in effect when he committed the covered offense." (emphasis added)). For example, "[i]f the movant's sentence would have necessarily remained the same had the Fair Sentencing Act been in effect, then the district court lacks the authority to reduce the movant's sentence." *Jones*, 962 F.3d at 1303.

If both the foregoing requirements are met—*i.e.*, the "covered offense" and "as if" qualifiers— "[t]he First Step Act grants the district court discretion to reduce a sentence but does not require a reduction." *Denson*, 963 F.3d at 1086–87; *see also* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence."). The First Step Act "leaves the choice of whether to resentence and to what extent to the district court's sound discretion." *Denson*, 963

F.3d at 1087. In exercising its discretion, the district court "may consider all the relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Jones*, 962 F.3d at 1304. Additionally, under the First Step Act, a defendant seeking a sentence reduction is not entitled to a hearing. *Denson*, 963 F.3d at 1086.

**B.     Mr. Marshall's Eligibility for a Sentence Reduction**

The parties agree, and they are correct, that Mr. Marshall's cocaine-base offense is a "covered offense" under the First Step Act and that the court has authority to reduce his sentence.

Mr. Marshall was charged and was convicted on his guilty plea for a drug-distribution offense involving 50 grams or more of cocaine base, in violation of § 841(a)(1). (Docs. # 56, 60, 69.) The Presentence Investigation Report ("PSR") and the sentencing court relied upon the stiffer statutory penalties that applied prior to the Fair Sentencing Act's more lenient mandatory-minimum penalties. Mr. Marshall, thus, was subject to a statutory sentencing range of 10 years to life, which was enhanced to 20 years to life based on a prior felony drug conviction. § 841(b)(1)(A)(iii) (effective Apr. 15, 2009, to Aug. 2, 2010); § 851. However, had § 2(a) of the Fair Sentencing Act been applied at the time of sentencing, Mr. Marshall's statutory sentencing range would have been governed by § 841(b)(1)(B)(iii), which provides the penalties for a defendant with a prior felony drug conviction who is convicted of a § 841(a) violation involving 28 grams but less

than 280 grams of cocaine base. Under § 841(b)(1)(B)(iii), as amended by the Fair Sentencing Act, the 10-years-to-life sentencing range decreased to 5 to 40 years, and the enhanced mandatory minimum for a prior felony drug conviction decreased from 20 years to 10 years. The term of supervised release also decreased from not less than 10 years to not less than 8 years. *See* § 841(b)(1)(B)(iii) (effective Aug. 3, 2010).

Because Mr. Marshall was sentenced for an § 841(a) violation involving an offense for which the Fair Sentencing Act modified the statutory penalties, his offense qualifies as a "covered offense." The limitations to the court's authority to reduce a sentence under the First Step Act are not applicable to Mr. Marshall. *See Jones*, 962 F.3d at 1303 (discussing certain limitations on the court's authority); *see also* First Step Act § 404(c) (precluding the court from reducing a sentence in two circumstances). Mr. Marshall is, thus, eligible for a sentence reduction.

**C.     Consideration of the § 3553(a) factors**

The court has reviewed carefully the PSR and Mr. Marshall's records from the Bureau of Prisons. It also has considered the sentencing factors in § 3553(a)—including the nature and circumstances of the offense, the aims of deterrence and punishment, and Mr. Marshall's criminal history, age, post-sentencing conduct, and rehabilitative efforts. *See* § 3553(a); *see also Pepper v. United States*, 562 U.S. 476, 491 (2011) ("[E]vidence of postsentencing rehabilitation may be highly relevant to

8

several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing."). The balancing of the § 3553(a) factors warrants a reduction in Mr. Marshall's sentence.

To begin, Mr. Marshall committed a serious drug offense, which because of the drug amounts and his prior felony drug conviction, Congress at the time saw fit to impose a 20-year minimum sentence. However, Congress now has cut in half the statutory mandatory minimum. At his sentencing hearing in 2011, Mr. Marshall received a 180-month sentence. The Fair Sentencing Act would yield a comparable sentence of around 97 months. (*See* Doc. # 76, at 11 & Doc. # 81, at 5–6 (explaining the calculations).)

Mr. Marshall, who is 47 years old, has served more than 75% of his 15-year sentence and has a projected good-time release date in August 2023. Although he has received one disciplinary infraction, it occurred more than seven years ago. (Doc. # 76-1, at 9). Overall, Mr. Marshall's behavior in federal prison has been compliant. Moreover, Mr. Marshall has taken advantage of multiple educational opportunities while in federal custody. (Doc. # 76-1, at 5–6.)

After careful consideration, the court finds that a sentence of time served plus 10 days is sufficient but not greater than necessary to reflect the seriousness of Mr. Marshall's offense, to promote respect for the law, to provide just punishment, and

to afford adequate deterrence.[3]  *See* § 3553(a)(1)–(2).  Mr. Marshall also will be subject to eight years of supervised release to help him transition from prison to society on the same terms and conditions set at sentencing.  *See United States v. Cruz*, 248 F. App'x 76, 76 (11th Cir. 2007) (providing that 18 U.S.C. § 3683(a) "empowers a sentencing court to include a term of supervised release as part of a sentence").  The remainder of Mr. Marshall's sentence will remain unchanged.

### III. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1)   Mr. Marshall's motion for a sentence reduction (Doc. # 76) is GRANTED;

(2)   Mr. Marshall's sentence imposed on January 5, 2011 (Doc. # 69) is REDUCED to time served plus 10 days, for a release date of **December 18, 2020**, and his term of supervised release is reduced from 10 years to 8 years on the same terms and conditions originally ordered; and

(3)   All other provisions of the judgment (Doc. # 69) shall remain in effect. An amended judgment will be entered separately.

DONE this 8th day of December, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[3] The 10-day period will assist Mr. Marshall in finalizing his release plans and will give the Bureau of Prisons time to satisfy any statutory obligations.